## NEWSOME VALVE CO. et al. v. CROWN TIRE & RUBBER CO.

(Circuit Court of Appeals, Eighth Circuit. February 2, 1922.)

No. 5954.

Bankruptcy ⬥463—Findings of fact by master and District Court held not reviewable.

Finding by a master, confirmed by the District Court, that petitioning creditors had failed to show that the alleged bankrupt was insolvent when transfers, charged as acts of bankruptcy, were made, *held* not reviewable by the appellate court, where the evidence on which it was based is not in the record.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

In the matter of the Crown Tire & Rubber Company, alleged bankrupt. The Newsome Valve Company and others, petitioning creditors, appeal from an order dismissing their petition. Affirmed.

Lawrence W. Rice, of Valentine, Neb. (Francis A. Mulfinger and Robert J. Webb, both of Omaha, Neb., on the brief), for appellants.

Alfred G. Ellick, of Omaha, Neb. (Francis A. Brogan and Anan Raymond, both of Omaha, Neb., on the brief), for appellee.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

PER CURIAM. Appellants, creditors of appellee, filed a petition in which they sought to have the appellee adjudged bankrupt. The acts of bankruptcy charged were the transfers of portions of the bankrupt's property while it was insolvent, and within the four months period. It was not charged that the transfers were with intent to prefer the creditors to whom they were made, but the issue was not determined on that ground. There was reference to a master, who took the proof and reported his conclusions of fact and law. He recommended that the petition be dismissed, on the ground that the proof did not show that the bankrupt was insolvent at the time the transfers were made. The petitioning creditors filed exceptions to the report, which were overruled, the report confirmed, and the petition dismissed; from which the petitioning creditors bring this appeal.

None of the testimony on which the master and the court acted is brought up. We have only the report of the master, exceptions thereto, the court's order of confirmation and dismissal, and the pleadings. It is the contention of appellants that the master's report shows insolvency. With this we cannot agree. The master in his report recites

that witnesses whose credibility was not challenged testified that the real property owned by the bankrupt exceeded its indebtedness, stating the respective amounts of each. In addition to that, there was testimony that personal property belonging to the bankrupt was in excess of $13,000, that certain patent rights owned by the bankrupt were of value, the amount thereof not being stated, and that the bankrupt held claims against individuals named in the report, aggregating a very large sum. The burden was on the petitioning creditors to establish that the bankrupt was insolvent at the time of the alleged transfers, and the master and the court found that the creditors had failed to establish that fact; and the assignments all go to that point. Clearly, we cannot say that there was error in that conclusion.

Affirmed.